IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KINGVISION PAY-PER-VIEW, LTD., | § | |
| as Broadcast Licensee of the | § | |
| January 19, 2008: Jones/Trinidad Event, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| 1) B.B. BIZ CORPORATION, Individually | § | |
| and d/b/a BROADWAY BUFFALO WINGS; | § | |
| AND | § | |
| 2) RICARDO RODRIGUEZ, JR., Individually | § | |
| and d/b/a BROADWAY BUFFALO WINGS, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff KingVision Pay-Per-View, Ltd., ("Plaintiff") files *Plaintiff's Original Complaint* against Defendants (1) B.B. Biz Corporation, Individually and d/b/a Broadway Buffalo Wings ("B.B. Biz Corporation" or "Defendant"); and (2) Ricardo Rodriguez, Jr., Individually and d/b/a Broadway Buffalo Wings ("Rodriguez" or "Defendant") (collectively "Defendants").

### PARTIES

1. **Plaintiff:**  KingVision Pay-Per-View, Ltd., as Broadcast Licensee of the January 19, 2008: Jones/Trinidad Event, is a foreign corporation.  Plaintiff's business address is 501 Fairway Drive, Deerfield Beach, Florida 33441.

2. **Defendant B.B. Biz Corporation.**  B.B. Biz Corporation is a Texas corporation doing business as Broadway Buffalo Wings (the "Establishment") from its principal place of business located at 330 Southmore Avenue, Pasadena, Texas 77502.  On the date of the Event (as defined herein),  Defendant:

      A.    held license/permits issued by the Texas Alcoholic Beverage Commission for the Establishment.

      B.    had a right and ability to supervise the activities of the Establishment; and

      C.    had an obvious and direct financial interest in the activities of the Establishment.

Defendant may be served by delivering the *Summons* and a copy of *Plaintiff's Original Complaint* to Defendant's registered agent for service of process, Ricardo Rodriguez, Jr. at 330 Southmore Avenue, Pasadena, Texas 77502; or at 1606 Spring Glen Lane, Pearland, Texas 77581.

      3.    <u>Defendant Ricardo Rodriguez, Jr</u>.  On the date of the Event (as defined herein), Defendant:

      A.    held licenses/permits issued by the Texas Alcoholic Beverage Commission for the Establishment known as Broadway Buffalo Wings located at 330 Southmore Avenue, Pasadena, Texas 77502 (the "Establishment");

      B.    was the owner of the Establishment;

      C.    had a right and ability to supervise the activities of the Establishment; and

      D.    had an obvious and direct financial interest in the activities of the Establishment.

Defendant may be served by delivering the *Summons* and a copy of *Plaintiff's Original Complaint* to Defendant at 330 Southmore Avenue, Pasadena, Texas 77502 or 1606 Spring Glen Lane, Pearland, Texas 77581.

STATEMENT OF JURISDICTION

4.      This action arises under the Communications Act of 1934, as amended, 47 U.S.C.

§§ 553 and 605.

VENUE

5.      Venue is proper in this District because Defendants reside in this District.

STATEMENT OF THE CLAIM

6.      Authorization to License Event.  Plaintiff is the license company authorized to

sub-license the closed-circuit telecast of the January 19, 2008: Roy Jones, Jr. v. Felix Trinidad

Light Heavyweight Championship Fight Program, including undercard or preliminary bouts

(collectively the "Event") at closed-circuit locations such as theaters, arenas, bars, clubs,

lounges, restaurants and the like throughout Texas.

7.      The closed-circuit broadcast of the Event was not intended for the use of the

general public.  In Texas, the closed-circuit broadcast of the Event could only be exhibited in a

commercial establishment, if the establishment was contractually authorized to do so by Plaintiff.

8.      Pursuant to its authority to sub-license the Event, Plaintiff marketed and

distributed the closed-circuit rights granted to it.  Plaintiff, through its agents, contracted with

various establishments throughout Texas and granted such establishments the right to broadcast

the Event in exchange for a fee.

9.      Exhibition of the Event.  The transmission of the Event was electronically coded

or "scrambled."  In order for the signal to be received and telecast clearly, it had to be decoded

with electronic decoding equipment.

10.     The transmission of the Event was available to Defendants to purchase for broadcast in the Establishment.  Had Defendants chosen to purchase the Event, Defendants would have been authorized to receive, transmit and publish the Event in the Establishment. Defendants did not, however, contract with Plaintiff or any of its agents, to obtain the rights to broadcast the Event.

11.     The establishments which contracted with Plaintiff to broadcast the Event were provided with the electronic decoding capability and/or satellite coordinates necessary to receive the signal of the Event.

12.     On January 19, 2008, Defendants willfully intercepted and/or received the interstate communication of the Event.  In the alternative, Defendants assisted in the receipt of the interstate communication of the Event.  Defendants then transmitted, divulged and published said communication, or assisted in transmitting, divulging and publishing said communication, to patrons within the Establishment.

13.     Defendants misappropriated Plaintiff's licensed exhibition of the Event and infringed upon Plaintiff's exclusive rights while avoiding proper payment to Plaintiff. Defendants' actions were committed willfully and with the express purpose and intent to secure a commercial advantage and private financial gain.

14.     Defendants enabled the patrons within the Establishment to view the Event to which neither Defendants nor the Establishment's patrons were entitled to do.

15.     The persons whom Defendants permitted to view the Event would otherwise have been able to view it at a commercial establishment only if said commercial establishment was properly licensed and authorized by Plaintiff.

16.     Defendants were not authorized to intercept, receive or transmit the

communication of the Event or to assist in such actions in any form or at any time.

MULTIPLE OFFENDER

17.     Defendant Rodriguez is a multiple offender of the Communications Act of 1934,

as amended, 47 U.S.C. §§ 553 and 605.  *See:*

- *Final Default Judgment* in Civil Action No. H-09-3734; *Joe Hand Promotions, Inc., as Broadcast Licensee of the November 18, 2006 Hughes/St. Pierre Event v. Ricardo Rodriguez, Jr., individually and d/b/a Broadway Billiards*; In the United States District Court for the Southern District of Texas, Houston Division;

- *Final Default Judgment* in Civil Action No. No. H-09-1759; *J&J Sports Productions, Inc., as Broadcast Licensee of the June 10, 2006 Hopkins/Tarver Event v. Ricardo Rodriguez, Jr., individually and d/b/a Broadway Billiards*; In the United States District Court for the Southern District of Texas, Houston Division;

- *Final Default Judgment* in Civil Action No. H-09-2224; *J&J Sports Productions, Inc., as Broadcast Licensee of the July 15, 2006 Mosley/Vargas Event v. Ricardo Rodriguez, Jr., individually and d/b/a Broadway Billiards*; In the United States District Court for the Southern District of Texas, Houston Division; and

COUNT I

VIOLATION OF 47 U.S.C. § 553

18.     Defendants' wrongful actions in connection with the Event, as described above,

violate 47 U.S.C. Section 553.

COUNT II

VIOLATION OF 47 U.S.C. § 605

19.     Defendants' wrongful actions in connection with the Event, as described above,

violate 47 U.S.C. Section 605.

DEMAND FOR RELIEF SOUGHT

Plaintiff demands that the Court sign and cause to be entered a judgment in favor of

Plaintiff and against Defendants B.B. Biz Corporation, Individually and d/b/a Broadway Buffalo

Wings; and Ricardo Rodriguez, Jr., Individually and d/b/a Broadway Buffalo Wings for:

(a)     Statutory damages in an amount up to Ten Thousand Dollars ($10,000.00) pursuant to 47 U.S.C. § 553(c)(3)(A)(ii);

(b)     Statutory damages for willfulness in an amount up to Fifty Thousand Dollars ($50,000.00), pursuant to 47 U.S.C. § 553(c)(3)(B);

(c)     Statutory damages in an amount up to Ten Thousand Dollars ($10,000.00) pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II);

(d)     Statutory damages in an amount up to One Hundred Thousand Dollars ($100,000.00) pursuant to 47 U.S.C. § 605(e)(3)(C)(ii);

(e)     Permanent Injunction enjoining any future exhibition of unauthorized or unlicensed programs and any violation of 47 U.S.C. §§ 553 or 605;

(f)     Full costs and expenses of this action, including reasonable attorney's fees, pursuant to 47 U.S.C. §§ 553(c)(2)(C) and 605(e)(3)(B)(iii);

(g)     Pre and post-judgment interest at the highest rate permitted by law; and

(h)     Such other and further relief to which Plaintiff is entitled.

Respectfully submitted,

By: _____

      Andrew R. Korn
      Attorney-in-charge
      State Bar No. 11683150
      Southern District Bar No. 13801
      akorn@kbdtexas.com
      David M. Diaz
      State Bar No. 24012528
      Southern District Bar No. 889588
      ddiaz@kbdtexas.com

KORN, BOWDICH & DIAZ, L.L.P.
4221 Avondale Avenue
Dallas, Texas 75219
(214) 521-8800 – Telephone
(214) 521-8821 – Facsimile
www.kbdtexas.com

ATTORNEYS FOR PLAINTIFF
KINGVISION PAY-PER-VIEW, LTD.